IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK D. LESLIE,

    Petitioner,                    No. CIV S-06-0302 GEB CMK P

    vs.

STATE OF CALIFORNIA DEPARTMENT
OF CORRECTIONS AND REHABILITATION, et al.,

    Respondents.            FINDINGS & RECOMMENDATIONS

/

        Petitioner is a state prisoner who has filed a "Petition for Writ of Mandamus/ Prohibition," which the court construes as an application for a writ of habeas corpus. The court has previously ordered petitioner to submit the appropriate filing fee or a request to proceed in forma pauperis. Petitioner did neither. On June 1, 2006, the court filed an order directing petitioner to show cause, in writing, within twenty days of the date of service why this action should not be dismissed for failure to comply with the court's order. To date, petitioner has not responded to the court's June 1, 2006 order to show cause.

        The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's

1

interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules.  See Ghazali, 46 F.3d at 53.

Having considered these factors, and in light of petitioner's failure to either pay the appropriate filing fee or file a request to proceed in forma pauperis and to respond to the court's order to show cause, the court find that dismissal is appropriate.

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.  See Local Rule 11-110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 13, 2006.

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE